IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


ANTHONY A. TOCCI,

      Plaintiff,

  vs.                           Case No. 3:07cv314

ANTIOCH UNIVERSITY AND          JUDGE WALTER HERBERT RICE
THE McGREGOR SCHOOL OF
ANTIOCH UNIVERSITY,

      Defendants.

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. #19), AS SUPPLEMENTED (DOC. #24), THE LATTER PORTION WITHOUT PREJUDICE TO REFILING UPON SPECIFIC LEGAL ISSUE; OBSERVATIONS SET FORTH

---

The Motion of the Defendants seeking summary judgment on all Plaintiff's claims (Doc. #19), as supplemented (Doc. #24), is sustained in part and overruled in part, the latter ruling without prejudice to a renewed Motion for Summary Judgment, if desired by Defendants, upon a theory of either frustration of the purpose of the contractual relationship between the parties and/or the impossibility of performing the contractual obligations, an impossibility caused by either or both Plaintiff or Defendants.

In so ruling, this Court makes the following, non-exclusive, observations:

1.  The Plaintiff's Second Claim for Relief, sounding in negligence, is barred either by Ohio's two-year statute of limitations, set forth in Ohio Revised Code Section 2305.10, or the four-year statute of limitations, the "catch-all" provision, set forth in Section 2305.09(B) of the Ohio Revised Code.

2.  While a claim for "educational malpractice" will not lie in a federal court sitting in Ohio, it is not clear to this Court that Plaintiff is asserting such a claim. To the extent that he is, any claim sounding in educational negligence and/or malpractice, would be barred pursuant to the afore-stated sections of the Ohio Revised Code.

3.  Given that this Court has concluded that Plaintiff has not set forth a claim of "educational malpractice," such a claim will not be analyzed under the Plaintiff's First Claim for Relief, sounding in breach of contract and applicable warranties.

4.  There are no properly authenticated Rule 56 materials presently before this Court, the moving Defendants having attached to their Motion only unauthenticated portions of the deposition of the Plaintiff and an unauthenticated copy of the Judgment Entry from Plaintiff's 1999 lawsuit against The McGregor School of Antioch University, filed in the Small Claims Division of the Xenia

Municipal Court.¹ Given that none of the parties disputes the accuracy of these two unauthenticated documents, however, the Court will reply upon same, <u>at this point in time</u>, with regard to its analysis of the Plaintiff's contractual claim for relief.

5. Construing the evidence most strongly in favor of the Plaintiff, as the party against whom the Motion for Summary Judgment is directed, as this Court must do in accordance with law, it appears that Plaintiff is claiming that he did all he could to fulfill the Defendants' requirements for a Master's Degree in Conflict Resolution; however, he was frustrated in the performance of the contractual obligation by and between the parties, due to the Defendants' actions in assessing and billing him for a number of "fictitious" charges, tuition and fees, and by the Defendants' nine-month delay in providing a thesis advisor from their faculty. While Defendants contend that Plaintiff did not complete all program requirements, and Plaintiff, himself, does not deny that he did not complete the thesis requirement for a Master's Degree, his theory may well be that the actions of the Defendants both frustrated and made it impossible for him to do so. Because this theory of contractual recovery, if, indeed, that is Plaintiff's theory, has not been briefed, this Court will overrule the Defendants' Motion for Summary Judgment, as supplemented, directed to the Plaintiff's contractual claim, without prejudice to

---

¹Following the dictation of this Decision and Entry, counsel for the Defendants, at this Court's request, did file the entirety of Plaintiff's deposition transcript, with exhibits, containing the certification of the Court Reporter.

renewal by the Defendants, if desired, supported by memorandum and properly authenticated Rule 56 materials, said renewal to be accomplished within 30 days from date. If such a renewed motion is filed, same will be briefed according to the Local Rules of the Southern District of Ohio.

6. Should such a contractual claim for relief survive for trial, Plaintiff will be narrowly restricted in the damages he can recover, if successful, to those within the reasonable contemplation of the parties when entering into their contractual agreement.

WHEREFORE, based upon the aforesaid, this Court sustains in part and overrules in part Defendants' Motion for Summary Judgment (Doc. #19), as supplemented (Doc. #24), the latter ruling without prejudice to renewal by the Defendants, within the time period set forth above, upon the limited theory discussed by this Court herein.

A telephone conference call will be set between Court and counsel, within ten days from date, in order to set a new trial date, should same ultimately be needed.

/s/ Walter Herbert Rice

March 10, 2010  WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record