IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY TOCCI,  :

    Plaintiff,

v.  :  Case No. 3:07-cv-314

ANTIOCH UNIVERSITY, et al.,  :  JUDGE WALTER H. RICE

    Defendant.  :

---

DECISION AND ENTRY SUSTAINING DEFENDANTS' SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES (DOC. #114) AND STRIKING PLAINTIFF'S MOTION TO DETERMINE IF: A CONTRACT EXISTS, A BRE[A]CH OF CONTRACT OCCURRED AND A FINANCIAL DEMAND FOR THE BRE[A]CH (DOC. #121); PLAINTIFF IS ORDERED TO PAY DEFENDANTS' ATTORNEYS' FEES AND COSTS IN THE AMOUNT OF $6,401.29; A WORD OR TWO OF CAUTION TO PLAINTIFF

---

Pending before the Court are the Supplemental Motion for Attorneys' Fees (Doc. #114), filed by Defendants Antioch University and the McGregor School at Antioch University ("Defendants"), and the Motion bearing the caption "Motion to Determine If: A Contract Exists, A Bre[a]ch of Contract Occurred and a Financial Demand for the Bre[a]ch" (Doc. #121) filed by Plaintiff Anthony A. Tocci ("Plaintiff"). For the reasons set forth below, Defendants' motion is SUSTAINED, and Plaintiff's Motion is STRICKEN.

1

### I. DEFENDANTS' SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES (DOC. #114) IS SUSTAINED

In a Decision and Entry dated August 26, 2013, the Court sustained Defendants' Motion to Enforce the Settlement Agreement and Motion for Sanctions Including Attorneys' Fees and Costs, based on Plaintiff's bad faith refusal to comply with the parties' settlement agreement. Doc. #92. The Court ordered Defendants to file a Supplemental Memorandum quantifying the attorneys' fees and costs that they incurred after July 18, 2010. *Id.* at 51.

Defendants filed the Supplemental Memorandum on September 25, 2013. Doc. #95. Therein, they first referred the Court to the affidavit originally filed by their attorney, Stephen Freeze, on September 15, 2011, quantifying attorneys' fees and costs for the period of July 19, 2010, through August 31, 2011, in the amount of $19,562.75. Doc. #80. Mr. Freeze filed a Supplemental Affidavit on September 25, 2013, attesting to additional attorneys' fees and costs for the period from September 1, 2011, through January 5, 2013, in the amount of $10,527.10. Doc. #96.

Resolution of Defendants' attorneys' fee award was held in abeyance while Plaintiff appealed the Court's decision to enforce the settlement agreement and award Defendants' attorneys' fees and costs. The Sixth Circuit affirmed the Court's decision and, after Plaintiff's unsuccessful request for reconsideration by the panel, the mandate issued on August 19, 2014. Doc. #110.

2

On September 5, 2014, the Court ordered Defendants to file another Supplemental Memorandum quantifying the amount of fees and costs that had accrued to date. Doc. #112. The Court also advised Plaintiff of the deadline for filing a Memorandum in Opposition to Defendants' Supplemental Motion. *Id.* at 2.

Defendants filed another Supplemental Memorandum on September 24, 2014, which has been docketed as a Supplemental Motion for Attorneys' Fees. Doc. #114. Therein, Defendants request that the Court issue an order offsetting their attorneys' fees and costs against the $25,000 settlement to Plaintiff. *Id.* at 2. Mr. Freeze filed a Second Supplemental Affidavit regarding the attorneys' fees and costs accrued for the period of January 6, 2013, through September 20, 2014, in the amount of $13,180.29. Doc. #113.

Plaintiff filed a Motion for a 45-Day Extension to Respond on February 6, 2015, which the Court granted. Doc. #119. In lieu of responding to Defendants' fee applications, Plaintiff filed a Motion bearing the caption "Motion to Determine If: A Contract Exists, A Bre[a]ch of Contract Occurred and a Financial Demand for the Bre[a]ch." Doc. #121. Plaintiff's fourteen page filing does not address the fee applications Defendants' have presented to the Court, their reasonableness, or the attestations filed by their attorney. Rather, it purports to relitigate this case. It will be briefly discussed after the Court rules on the issue of Defendants' fee application, which, based on the contents of Plaintiff's response, the Court considers to be unopposed.

3

As an initial matter, the Court must clarify that it is unable to consider an award of fee and costs to Defendants for work their attorneys expended on appeal. The Sixth Circuit has observed that "the sanction statutes, the rules, and the case law provide for fairly clear separation between conduct on appeal sanctionable by the appellate court and conduct in the trial court sanctionable by the trial court. *Webster v. Sowders*, 846 F.2d 1032, 1040 (6th Cir. 1988). This Court has no jurisdiction over what occurred on appeal, as "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). As a consequence of this jurisdictional division, a district court has no power to determine that an appeal was frivolous or impose a sanction for the appeal after remand. *E.g.*, *Nieves v. Cleveland*, 153 F. App'x 349, 354 (6th Cir. 2005) (reversing a district court's award of fees and costs for the appeal of Rule 11 sanctions, in the absence of any signal from the appellate court that it considered the appeal frivolous).

Here, the Sixth Circuit's order that affirmed the Court's decision made no determination that Plaintiff's appeal was frivolous. Doc. #103. The order made no reference to Federal Rule of Appellate Procedure 38, which provides that "[i]f If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." The Sixth Circuit

4

"affirmed" the Court's decision to enforce the settlement agreement and noted that Plaintiff's appeal did not contest the district court's decision to sanction Plaintiff or award Defendants their attorneys' fees and costs. Doc. #103 at 3. Without some affirmative indication that the Sixth Circuit considered the appeal frivolous, the Court is without jurisdiction to make that determination. *Webster*, 846 F.2d at 1040; *Nieves*, 153 F. App'x at 349. Accordingly, the majority of the fees documented in Defendants' most recent fee application for the period of the appeal will not be considered in the following discussion.

The Court uses the "lodestar" method to determine the reasonableness of a fee request. The lodestar amount consists of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "strong presumption" that the lodestar amounts represents a reasonable fee. *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). A court considering a fee award may adjust the amount up or down, based on the following factors:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed v. Rhodes*, 179 F.3d 453, 471 n.3 (6th Cir. 1999) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).


First, the Court concludes that the hourly rate charged by Mr. Freeze and his associates is reasonable. His affidavits and the documents attached thereto show that he and his associates charged Defendants between $140 and $155 an hour for the work they performed from July 19, 2010, the date Plaintiff affirmatively breached the settlement agreement, through September 24, 2013, the date that Plaintiff filed the Notice of Appeal. The Court considers these hourly rates more than reasonable in the current legal market, especially in light of Mr. Freeze's particular experience and degree of competency he displayed in the present matter.

Second, after reviewing of the billing statements attached to Mr. Freeze's affidavits, the Court concludes that no *Johnson* factor merits adjusting the amount of attorneys' fees requested, once the request is adjusted to omit fees related to Plaintiff's appeal. Defendants' attorneys did not spend an unreasonable amount of time litigating the enforcement of the settlement agreement. Rather, any unreasonable delay in its consummation is entirely attributable to Plaintiff, as the Court has described elsewhere. This case presented no novel or difficult question of law, only the principles of contract law applicable to settlement agreements. The Court finds that Mr. Freeze exhibited an exemplary amount of "the skill needed to perform the legal service properly," based on his superhuman efforts to accommodate Plaintiff before being forced to file the motion to enforce the settlement agreement. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The rest of the *Johnson* factors are inapplicable and need not be discussed.

Accordingly, Defendants are entitled to an award of attorneys' fees and costs as follows:

Defendants are entitled to **$19,562.75** in attorneys' fees and costs for the period of July 19, 2010, through August 31, 2011;

Defendants are entitled to **$10,527.10** in attorneys' fees and costs for the period of September 1, 2011, through January 5, 2013;

Defendants are entitled to **$1,311.44** in attorneys' fees and costs for the period of January 6, 2013, through September 25, 2013, for matters unrelated to Plaintiff's appeal.  The foregoing amount for this period is a total of the following:

$365.94, the entirety of invoice #445136 dated June 12, 2013, for services rendered through May 31, 2013;

$372.00, the entirety of invoice #450857 dated September 13, 2013, for services rendered through August 31, 2013;

$573,50 for 3.7 hours of services performed through September 26, 2013, as listed on invoice #457677, covering services rendered through November 30, 2013.  Two of the entries for services performed on September 25, 2013, for .90 and .10 hours of work, concern Plaintiffs' appeal, and are therefore not included.

Based on the foregoing, the Court finds that Defendants are entitled to a total of **$31,401.29.**  The Court grants their request to offset this amount by the $25,000 Plaintiff was awarded in settlement.  Accordingly, the Court

7

ORDERS Plaintiff to pay a total of $6,401.29 in Defendants' attorneys' fees and costs.

## II. PLAINTIFF'S MOTION OF MARCH 30, 2015 (DOC. #121), WILL BE STRICKEN UNDER FED. R. CIV. P. 12(f)

The Court now turns to the motion Plaintiff filed that bears the caption "Motion to Determine If: A Contract Exists, A Bre[a]ch of Contract Occurred and a Financial Demand for the Bre[a]ch," purportedly in response to Defendants' fee applications. Doc. #121. As stated, Plaintiff never addresses Defendants' fee applications therein. Instead, he states that the "motion will illustrate the numerous amount of mistakes that the Dayton Court has made," and proceeds to argue a number of issues that have been conclusively resolved in this litigation, such as the enforceability of the settlement agreement and his contention that everyone involved has acted in contravention of the principles of mediation.

After the resolution of an appeal, a trial court must "proceed in accordance with the mandate and law of the case as established by the appellate court." *Petition of U.S. Steel Corp.*, 479 F.2d 489 (6th Cir. 1973). Under the "law of the case" doctrine, a court is precluded from reconsidering identical issues that have been resolved in the litigation. *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997). Allowing subsequent challenges to "the same questions which were open to dispute on the first [appeal] would lead to endless litigation." *Roberts v. Cooper*, 61 U.S. 467,

481 (1857). Without the law of the case doctrine, "there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions, or speculate of chances from changes in its members." *Id.*

The law of this case has been decided and subsequently affirmed by the Court of Appeals. All parties, including Plaintiff, have spoken and been heard on every issue, and every issue has been resolved. The Court will not, and cannot, revisit any issue mentioned by Plaintiff in his motion, as they have all been definitively resolved and are the law of the case. Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike "any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's filing is redundant and will, therefore, be stricken.

Plaintiff is further advised that any other filings, with the possible exception of a notice of appeal that divests this Court of jurisdiction over this matter, risk violating Rule 11(b) of the Rules of Civil Procedure and subjecting Plaintiff to further sanctions. Conscious of Plaintiff's status as *pro se* litigant, the Court reproduces the relevant text of Rule 11 here for his benefit:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

9

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> **(c) Sanctions.**
>
> **(1)** *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> **(2)** *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
>
> **(3)** *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

At this point, it is practically inconceivable that any further filing by

Plaintiff would not manifest an "improper purpose, such as to harass, cause

unnecessary delay, or needlessly increase the cost of litigation." Plaintiff is hereby on notice of this fact.

### III. CONCLUSION

Based on the foregoing, Defendants are entitled to a total of $31,401.29 in attorneys' fees and costs as a sanction for Plaintiff's bad-faith conduct before and after the collapse of the parties' settlement agreement and the Court, therefore, SUSTAINS their motion (Doc. #114). The Court GRANTS Defendants' request to offset this amount by the $25,000 Plaintiff was awarded in their settlement agreement. Accordingly, the Court ORDERS Plaintiff to pay a total of **$6,401.29** in Defendants' attorneys' fees and costs.

The Court STRIKES Plaintiff's motion (Doc. #121) under Fed. R. Civ. P. 12(f). Plaintiff is on notice that any further filings from him risk subjecting him to additional sanctions under Rule 11.

Date: September 18, 2015

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

11